EDWARDS *v.* ZUCK.

1. PARTNERSHIP — REAL PROPERTY — TITLE OF LANDS TAKEN IN NAME OF PARTNER—ACCOUNTING.

In a suit for an accounting between two alleged partners in lands which were taken in two separate parcels by the individual members of the firm, each expecting to have a half interest in the parcel conveyed to the other, and each, by oral agreement, contributing time, labor and capital to carry on lumbering operations, and intending to divide the profits equally, and acting as mutual agents in employing and paying for labor and selling the lumber, the trial judge correctly determined that a partnership existed.[1]

2. SAME—STATUTE OF FRAUDS—ORAL CONTRACT.

The complainant, who had title to one of the parcels, was not barred by the statute of frauds from insisting that defendant had an undivided interest therein as copartner by virtue of an oral agreement.

[1] Effect of agreement to share profits to create partnership, see note in 18 L. R. A. (N. S.) 963.

3. SAME—ACCOUNTING—CONTRIBUTION—TRESPASS—TAXATION.
    Although it appeared that complainant committed a trespass
    by entering upon the land conveyed to him and cutting tim-
    ber while the lands were State tax lands, he was entitled to
    charge the firm with the sum paid in settlement of the tim-
    ber so taken in good faith, and with the belief that he was
    within his rights and could afterwards pay the delinquent
    tax, since the act was done for the benefit of the copartner-
    ship, and the funds of the firm were augmented by the pro-
    ceeds of the trespass

Appeal from Missaukee; Lamb, J. Submitted April 7,
1911. (Docket No. 43.) Decided July 11, 1912.

Bill by John Edwards against John Zuck for an ac-
counting and dissolution of a partnership. From a decree
for complainant, defendant appeals. Affirmed.

*Sawyer & Penny*, for complainant.

*Gaffney & Miltner*, for defendant.

BIRD, J. The bill in this case was filed to compel an
accounting and a dissolution of copartnership dealings be-
tween complainant and defendant. The complainant was
successful at the hearing, and defendant has appealed.

The complainant and defendant were farmers and
neighbors in Missaukee county in 1908, and in September
of that year complainant alleges that he and defendant
entered into a copartnership agreement to purchase a cer-
tain 120 acres of land in that county, which will be here-
inafter referred to as "the 80" and "the 40." For con-
venience the title to the 80 was taken in the name of de-
fendant, and the title to the 40 was taken in the name of
complainant. It is further alleged that the agreement
provided that the lands were to be lumbered, and the
profits arising therefrom, as well as the profits arising
from the sale of the lands, should be equally divided be-
tween them. The 40 had been sold for delinquent taxes
and bid in by the State. This fact was known to both of
them, and they agreed that they would pay the taxes, but

they neglected to do so until after they had cut and re-
moved quite a large amount of timber.    When complain-
ant heard that the State trespass agent was investigating
the cutting of the timber, he paid the delinquent taxes,
which amounted to $108.87.    Subsequently the trespass
agent made a demand upon him for the value of the tim-
ber taken prior to the payment of the taxes, and this was
finally settled by complainant paying to the State $119.
The defendant denies that there was any copartnership
agreement between them respecting these lands.    He
insists that he was absolute owner of the 80, and com-
plainant was the owner of the 40, and that they lumbered
them together under a joint arrangement which fell far
short of being a partnership agreement.    He denies any
knowledge of the delinquent taxes against the 40, and
says that he was not aware that any trespass was being
committed in cutting the timber from it.    It is further
contended by defendant that if they were guilty of a tres-
pass, and complainant afterwards adjusted it, he is not
entitled to contribution from him because the law will allow
no contribution as between joint wrongdoers.

After hearing the parties and their witnesses, the trial
court found that there was a copartnership agreement;
that neither the title to the 80 nor the profits arising from
the sale thereof were assets of the copartnership; and that
there was due to complainant the sum of $131.75 on an
accounting between them respecting the copartnership
matters.    It was further found that defendant was en-
titled to a conveyance of an undivided one-half interest
in the 40 and complainant was ordered to convey the
same.    It was also provided that this interest should be
sold to satisfy the amount due complainant in the event
that defendant made default in its payment.

We are of the opinion that the trial court was fully jus-
tified in finding that the parties were partners.    Under
their agreement each owned an undivided interest in the
40 and they were jointly interested in the timber on both
parcels when severed.    Each contributed time, labor, and

money in carrying on the lumbering operations, and they divided equally their profits and losses. Each acted for the other in the employment and payment of labor and the sale of their product. Complainant testifies that they expressly agreed to become partners in the deal.

"The test of partnership must be found in the intent of the parties themselves." *Beecher* v. *Bush*, 45 Mich. 202 (7 N. W. 785, 40 Am. Rep. 465).

It is suggested that, as this copartnership agreement was oral and dealt with the sale of lands, it is, therefore, void as being within the statute of frauds, under the rule laid down in *Nester* v. *Sullivan*, 147 Mich. 493 (111 N. W. 85, 1033, 9 L. R. A. [N. S.] 1106). The holding of the trial court in this case is not an infringement of the rule laid down in that case, for the reason that the complainant is the owner of the title and the person for whose protection the statute exists, and he insists that defendant has paid for, and is entitled to, an undivided one-half interest in the 40 acres. Such a case is not within the statute of frauds. *Spalding* v. *Archibald*, 52 Mich. 365 (17 N. W. 940, 50 Am. Rep. 253).

In his accounting of the partnership dealings, the trial court charged defendant with one-half of the amount paid by complainant to the State in settlement of the trespass. The defendant argues that this was improper, for the reason that the law does not enforce contribution between joint wrongdoers, that complainant had no title to the land, and therefore must have known that he was committing a trespass when he cut the timber. The complainant, on the other hand, protests that he cut the timber in good faith, believing he could pay the delinquent taxes after, as well as before, cutting the timber, and that, when he learned otherwise, he settled with the trespass agent. It is the view of my associates that as the amount paid the trespass agent was on account of a partnership matter, and the partnership fund was augmented by the fruits of

the trespass, it will now be regarded as having been paid by complainant out of partnership funds.

We are of the opinion that the trial court reached the right conclusion in the case, and the decree will be affirmed, with costs of both courts to complainant.

MOORE, C. J., and MCALVAY, BROOKE, and OSTRANDER, JJ., concurred.